# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.                          **Case Nos. 14-CR-159 and 20-CR-217**

**LEMUREL E. WILLIAMS,**

**Defendant.**

---

## ORDER DENYING MOTIONS TO REOPEN
## THE DETENTION HEARING

---

According to a criminal complaint (Case No. 20-CR-217, ECF No. 1), Lemurel E. Williams was shot repeatedly on August 2, 2020. Investigation led to a search of Williams's home, where investigators recovered three firearms. (*Id.*, ¶ 23.) Williams was prohibited from possessing a firearm due to multiple felony convictions, including his conviction in this court in case number 14-CR-159, for which he is still on supervised release.

The court issued a criminal complaint charging Williams with unlawful possession of a firearm, and Judge Adelman issued a warrant regarding his alleged violations of the conditions of his supervised release in case number 14-CR-159. The

court held a detention hearing on October 19, 2020, and ordered Williams detained pending trial and a revocation hearing.

On November 12, 2020, Williams moved to reopen the detention hearing. (Case No. 14-CR-159, ECF No. 132; Case No. 20-CR-217, ECF No. 14.) The government responded and opposes Williams's release. (Case No. 14-CR-159, ECF No. 138; Case No. 20-CR-217, ECF No. 19.)

A detention hearing

> may be reopened … at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Williams argues that COVID-related uncertainty as to when the government will obtain an indictment and when he will be able to obtain a trial and final revocation hearing are new factors meriting the reopening of the detention hearing. He also argues that there may be COVID infections in his section of the jail where he is detained.

The government has since obtained an indictment in 20-CR-217, thus mooting that aspect of Williams's argument. And the uncertainty regarding when the court will be able to hold a jury trial is not a new factor. Nor is the risk of COVID infection in the jail a new factor. Thus, Williams has failed to demonstrate that it is appropriate to reopen the detention hearing under 18 U.S.C. § 3142(f).

Williams also questions the strength of the evidence against him and whether he poses a danger to the community. Again, these arguments are not new factors meriting reopening the detention hearing. Moreover, because Williams is on supervised release, it is his burden to show "by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community …." Fed. R. Crim. P. 32.1(a)(6).

Williams has a lengthy criminal history marked by a poor record on supervision. The indictment in 20-CR-217 is the third time Williams has been prosecuted in federal court for unlawful possession of a firearm. Each time, Williams allegedly possessed a firearm while on supervision for a prior offense.

In 2009, while on supervision for drug and robbery convictions, Williams possessed a firearm. *See* Case No. 09-CR-158. Just over two months after his release from prison for that offense, and while on supervised release, he was again found to be in possession of a firearm. *See* Case No. 14-CR-159. Most recently, he made it almost a year on supervised release before he was allegedly found in possession of three firearms. *See* Case No. 20-CR-217. But it was only a month into his supervised released that Williams was alleged to have violated the terms of his supervised release by using marijuana. (Case No. 14-CR-159, ECF No. 122.) A few months later, he tested positive again. (Case No. 14-CR-159, ECF No. 123.) Also in the first few months of his supervised release Williams failed to report to probation as required and failed to appear for drug testing. (Case No. 14-CR-159, ECF No. 124.)

Given this track record and the nature of the current charges, the government has shown by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community if Williams were to be released. Consequently, Williams has necessarily failed in his burden in case number 14-CR-159 to show by clear and convincing evidence that he will not pose a danger to the community.

**IT IS THEREFORE ORDERED** that Williams's Motions to Reopen the Detention Hearing and Release Defendant (Case No. 14-CR-159, ECF No. 132; Case No. 20-CR-217, ECF No. 14) are **denied**.

Dated at Milwaukee, Wisconsin this 30th day of November, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge